J-S41025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAASHIM ISSHAN PIERSON | : | |
| | : | |
| Appellant | : | No. 1443 EDA 2024 |

Appeal from the Order Entered May 2, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002037-2021

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:           **FILED JANUARY 13, 2025**

Appellant, Haashim Isshan Pierson, appeals *pro se* from the order entered in the Monroe County Court of Common Pleas, which denied his "motion to modify sentence *nunc pro tunc* reduction of sentence." We affirm.

The relevant facts and procedural history of this case are as follows. On March 1, 2022, Appellant entered a guilty plea to one count of possession with intent to distribute fentanyl. On August 23, 2022, the court sentenced Appellant to 42 to 84 months of incarceration, to be served concurrent to another sentence Appellant was serving. The court found that Appellant was not entitled to credit for time served, and he was not eligible for the Recidivism Risk Reduction Incentive ("RRRI") program due to his prior convictions. Appellant did not see direct review of his sentence.

Approximately five months later, on January 19, 2023, Appellant sent the court, but did not file, a motion requesting *nunc pro tunc* relief to modify

his sentence and receive 266 days' time credit. On February 14, 2023, the court entered an order directing the clerk of courts to forward the motion to Appellant's attorney of record pursuant to Pa.R.Crim.P. 576(A)(4).

On January 8, 2024, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"),[1] challenging the legality of his sentence. The court appointed counsel, who filed a motion to withdraw and ***Turner*/*Finley*** "no merit" brief.[2] On April 9, 2024, the PCRA court granted counsel's motion to withdraw and sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing.

On April 30, 2024, Appellant filed a motion seeking to modify his sentence *nunc pro tunc*, arguing that the applicable guideline sentencing range has been lowered since the imposition of his sentence, and that this change should be applied retroactively to him. On May 2, 2024, the court denied the motion.

On May 3, 2024, Appellant filed a *pro se* motion, styled as a petition for *habeas corpus*, seeking to modify his sentence, and seeking credit for time served. In this petition, Appellant attempted to raise claims of ineffective assistance of counsel, an illegal sentence, and requested credit for 266 days of time credit to be applied to his Monroe County sentence. On May 10, 2024, the court denied the motion, noting that the 266 days Appellant requested

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

had already been applied to his Clinton County case.

On May 20, 2024, Appellant timely filed a notice of appeal from "the order denying motion to modify sentence *nunc pro tunc* reduction of sentence entered on May 2, 2024[.]" (*See* Notice of Appeal, 5/20/24). On May 21, 2024,[3] the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days of the entry of the order. Appellant untimely filed his Pa.R.A.P. 1925(b) statement on July 8, 2024.[4]

As a preliminary matter, we note that Appellant's statement of questions presented does not assert specific questions for our review,[5] but states that his statement of questions presented is "set out in full and may be found in Appendix 'A.'" (Appellant's Brief at 2). "Appendix A" is a copy of the PCRA

_____

[3] Additionally, on May 21, 2024, the court entered an order formally denying Appellant's original PCRA petition. On May 24, 2024, Appellant filed an additional motion seeking to amend the sentencing order to reflect that he is eligible for the state drug treatment program. On May 30, 2024, the PCRA court denied this motion.

[4] It is well settled that only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review. *See Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005); Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). Nevertheless, "[i]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa.Super. 2009). Here, the trial court issued an opinion addressing Appellant's complaints. Therefore, we decline to consider Appellant's issues waived. *See id.*

[5] This is in derogation of Pa.R.A.P. 2116(a). *See* Pa.R.A.P. 2116(a) (governing statement of questions involved section of appellate brief).

court's opinion. We note that Appellant's untimely Rule 1925(b) statement included issues related to his January 8, 2024 PCRA petition, his April 30, 2024 motion, his May 3, 2024 motion, and his May 24, 2024 motion. Thus, the PCRA court reproduced all 12 issues as set forth in Appellant's Rule 1925(b) statement, which relate to those various filings. (*See* PCRA Court Opinion, 7/18/24, at 4-5).

Nevertheless, we reiterate that Appellant's notice of appeal was filed **solely** from the May 2, 2024 order denying his April 30, 2024 motion to modify sentence, in which he argued that his sentence should be reduced due to a subsequent change in the sentencing guidelines which Appellant claimed should be applied retroactively. Thus, we confine our review to the claims set forth in Appellant's April 30, 2024 motion. The claims set forth therein implicate the legality of Appellant's sentence, and therefore are cognizable under the PCRA. ***See generally Commonwealth v. Fowler***, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding any collateral attack on legality of sentence must be raised in PCRA petition); ***Commonwealth v. Moorer***, No. 709 MDA 2024 (Pa.Super. filed Dec. 3, 2024) (unpublished memorandum) (explaining claim that court erred in refusing to apply newly-adopted Sentencing Guidelines to prior sentence is cognizable under PCRA).[6] Thus, the court should have treated this motion as a subsequent PCRA petition.

_____

[6] ***See*** Pa.R.A.P. 126(b) (explaining we may rely on unpublished decisions from this Court filed after May 1, 2019 for persuasive value).

The timeliness of a PCRA petition is a jurisdictional requisite. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Further, although challenges to the legality of a sentence are subject to review within the PCRA, a petition asserting those claims must still first satisfy the PCRA's time limits or demonstrate the

application of a statutory timeliness exception. *Fowler, supra* at 592.

Here, Appellant's judgment of sentence became final on September 22, 2022, after expiration of the time to seek direct review from imposition of his August 23, 2022 sentence. *See* 42 Pa.C.S.A. § 9545(b)(3). Appellant had one year from that date to timely file a PCRA petition; thus, Appellant's current prayer for relief filed on April 30, 2024 is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant does not invoke or adequately develop on appeal any argument related to the statutory exceptions required to revive an otherwise untimely PCRA petition.[7] *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Thus, Appellant's current filing remains a patently untimely PCRA petition. Accordingly, we affirm.

Order affirmed.

_____

[7] At best, Appellant argues that the adoption of the 8th Edition of the Pennsylvania Sentencing guidelines is an intervening change in law. Nevertheless, the PCRA requires that a petitioner contend that the right asserted is a new **constitutional right** that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania and has been held by that court to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Furthermore, "[t]he [S]entencing [G]uidelines shall apply to all offenses committed on or after the effective date of the guidelines. Editions or amendments to the [S]entencing [G]uidelines shall apply to all offenses committed **on or after** the effective date of the edition or amendment to the guidelines." 204 Pa.Code § 303a.2(a)(3) (emphasis added). The effective date of the Eighth Edition is January 1, 2024. *See* 204 Pa.Code § 303a.8. Thus, any change in the sentencing guidelines does not apply retroactively to Appellant.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/13/2025